UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
STATE OF NEW YORK AND BASIL SEGGOS,
COMMISSIONER OF THE NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION,

                Plaintiffs,

-against-

CRESCENT GROUP REALTY INC., DOMINICK
MAVELLIA, KENNETH AUERBACH, EUGENE
SMITH, and FLEXTRONICS AUTOMOTIVE USA
MANUFACTURING CO.,

                Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
17-CV-6739 (JMA) (AYS)

FILED
CLERK
11/30/2020 9:30 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Richard J. Kaufman
646 Main Street
Port Jefferson, NY 11777
    *Attorney for Defendants Crescent Group Realty Inc.,*
    *Dominick Mavellia, Kenneth Auerbach, and Eugene Smith*

Bradford A. De Vore
Todd W. Billmire
301 South College Street, Suite 3500
Charlotte, NC 28202
    *Attorneys for Defendant Flextronics Automotive USA Manufacturing Co.*

**AZRACK, United States District Judge:**

## I. BACKGROUND

New York State and the Commissioner of the New York State Department of Environmental Conservation (collectively, "Plaintiffs") initiated this litigation on November 17, 2017 and subsequently filed an amended complaint on February 14, 2018. (ECF Nos. 1, 8.) The Amended Complaint brings claims against defendants Crescent Group Realty Inc. ("Crescent"); Crescent's shareholders, Dominick Mavellia, Kenneth Auerbach, and Eugene Smith (together with Crescent, the "Crescent Defendants"); and Flextronics Automotive USA Manufacturing Co.

("Flex") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 et seq., and New York law.  (ECF No. 8.)  The claims relate to the recovery of costs incurred in remediating hazardous material released at property located at 1305 South Strong Avenue in Copiague, New York.  (Id.)

On May 8, 2018, defendant Flex answered and served a crossclaim on the Crescent Defendants for CERCLA contribution.  (ECF No. 29.)  The crossclaim provided that "[i]f, and to the extent that [Flex] is found liable to Plaintiffs under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the [Crescent] Defendants are liable in contribution, pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), to [Flex] for some or all of the response costs assessed."  (Id. at 29.)  On June 8, 2018, defendants Crescent and Auerbach filed a crossclaim against defendant Flex for CERCLA contribution.  (ECF No. 32.)  Likewise, on that same date, defendants Mavellia and Smith filed an identical crossclaim against defendant Flex.  (ECF No. 33.)  The crossclaims provided that "[i]f, and to the extent [the Crescent Defendants] are found liable to Plaintiffs under § 107(a) of CERCLA, 42 U.S.C. § 9607(a), [Flex] is liable for contribution, pursuant to § 113(f) of CERCLA, 42 U.S.C. § 9613(f), to [the Crescent Defendants] for some or all of the response costs assessed."  (ECF No. 32 at 27; ECF No. 33 at 27.)

On July 18, 2019, this Court entered an Order approving a consent decree between Plaintiffs and Flex.  (ECF No. 50.)  The Consent Decree explained that Flex "resolved its liability to the State under applicable law" and provided Flex with "the full extent of protection from contribution actions or claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of [Flex] to persons not party to this Decree."  (Id. at ¶ 15.)

Flex has moved to enforce the Consent Decree and dismiss the crossclaims brought by the Crescent Defendants. (ECF No. 73-1.) Flex argues that the terms of the Consent Decree explicitly protect it from contribution claims under Section 113(f)'s contribution protection bar. (Id. at 6-7.) In response, the Crescent Defendants have indicated that they do not oppose this motion. (ECF No. 73-2 at 1.) Accordingly, the Court grants Flex's motion and dismisses with prejudice the Crescent Defendants' crossclaims under Section 113(f).

However, in agreeing to drop their crossclaims, the Crescent Defendants have simultaneously moved to file amended crossclaims. (ECF No. 74.) They now seek to bring a crossclaim against Flex under Section 107 of CERCLA to recover $41,776.54 in remediation costs. For the reasons set forth below, the Court **DENIES** the Crescent Defendants' motion to amend.

## II.     DISCUSSION

### A. Standard of Review

#### 1. Rule 15

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Though Rule 15(a) provides that "[t]he court should freely give leave when justice so requires," leave to amend should be denied in "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008).

#### 2. Rule 16

Federal Rule of Civil Procedure 16 governs situations when a party seeks to amend a pleading after a court deadline for amendment has passed. Under Rule 16(b), a "schedule may be modified only for good cause and with the judge's consent." As the Second Circuit has explained,

3

"despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).

**B. Application**

Flex opposes the motion to amend on two grounds: (i) futility and (ii) timeliness.

**1. Futility**

First, the Court denies the Crescent Defendants' motion for leave to amend because their proposed amended crossclaim is futile. As the Second Circuit has explained, futility is a legal determination that a proposed amended pleading would fail "to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 224-25 (2d Cir. 2017). Accordingly, "the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 386 (2d Cir. 2015).

To survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555.

The Crescent Defendants have failed to state a plausible claim. CERCLA provides two mechanisms to recover the costs of remediation for polluted sites: Section 107(a) for cost recovery claims and Section 113(f) for contribution claims. Section 107(a) authorizes the United States, a state, or a potentially responsible party ("PRP") to pursue reimbursement for the costs of

4

remediating contamination at a property. 42 U.S.C. § 9607(a)(4). Section 113(f) applies "during or following any civil action" commenced under Sections 106 or 107(a) and provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under" Section 107(a). 42 U.S.C. § 9613(f)(1). Further, "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." 42 U.S.C. § 9613(f)(2). The statute explains that "[s]uch settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement." Id.

Here, the parties dispute whether the Crescent Defendants can pursue claims brought under Section 107 when recovery under Section 113 was originally available, but is no longer available because, after entering the Consent Decree, Flex has now successfully invoked Section 113's contribution protection bar to preclude the Crescent Defendants' Section 113(f) claim.

Several courts, including this one, have considered the boundaries between Sections 107(a) and Section 113(f) and analyzed the consequences of considering them to be non-exclusive causes of action. "[I]f plaintiffs could choose between Sections 107(a) and 113(f), they would invariably choose Section 107(a) since it provides joint and several liability, a longer statute of limitations, and is not subject to the 'contribution protection' bar that applies to Section 113(f)." 101 Frost St. Assocs., L.P. v. United States Dep't of Energy, No. 17-CV-3585, 2019 WL 4415387, at *6 (E.D.N.Y. Sept. 16, 2019). Accordingly, as this Court explained in 101 Frost St. Assocs., if § 113(f) is "available" to a plaintiff, the plaintiff must proceed under § 113(f). Id. ("[T]he operative principle appears to be that § 107(a) is available to recover payments only in cases where § 113(f) is not. In cases where a claim for contribution can be asserted under § 113(f), § 107(a) cannot be

5

used." (quoting Appleton Papers Inc. v. George A. Whiting Paper Co., 572 F. Supp. 2d 1034, 1044 (E.D. Wis. 2008))).

The Crescent Defendants concede that when Plaintiffs initiated this case, the Crescent Defendants were "required to bring a cross claim against [Flex] pursuant to § 113(f)(1) for contribution and not under § 107(a)." (ECF No. 74 at 9.) However, the Crescent Defendants claim that once Flex settled with Plaintiffs, the Crescent Defendants could no longer pursue contribution under Section 113 and recovery under Section 107 then became "the only available remedy." (Id.) The Crescent Defendants do not support this argument with any authority. Furthermore, their theory would defeat the limitations that Congress placed on suits brought pursuant to Section 113(f), including the contribution protection bar and a three-year statute of limitations. As noted earlier, "if plaintiffs could choose between Sections 107(a) and 113(f), they would invariably choose Section 107(a) since it provides joint and several liability, a longer statute of limitations, and is not subject to the 'contribution protection' bar that applies to Section 113(f)." 101 Frost St. Assocs., 2019 WL 4415387, at *6.

Once Section 113(f) is "trigger[ed]" for a particular claim, it becomes the plaintiff's "exclusive avenue for relief." Id. at *10. The fact that, once triggered, other provisions in Section 113—such as the contribution protection bar and the statute of limitations—might ultimately preclude recovery on the Section 113 claim does not mean Section 113 is no longer the "exclusive avenue for relief." Under the Crescent Defendants' logic, if their Section 113(f) claims were found to be time-barred, for example, they then would be free to bring a Section 107 claim, which has a longer statute of limitations. That cannot possibly be right. See Hobart Corp. v. Waste Mgmt. of Ohio, Inc., 758 F.3d 757, 765 (6th Cir. 2014) (dismissing plaintiff's Section 107 claims because one of Section 113's statutory triggers was met and then dismissing plaintiff's Section 113(f)(3)(B)

6

claims as untimely because those claims were filed outside of the Section 113's three-year statute of limitations); Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 128 (2d Cir. 2010) ("To allow NiMo to proceed under § 107(a) would in effect nullify the SARA amendment and abrogate the requirements Congress placed on contribution claims under § 113. 'When Congress acts to amend a statute, [courts] presume it intends its amendment to have real and substantial effect.'" (quoting Stone v. INS, 514 U.S. 386, 397 (1995))).

Accordingly, the Crescent Defendants' proposed amended crossclaim under Section 107 is futile because only Section 113 is available to them to pursue relief. As explained earlier, however, the Crescent Defendants have agreed to drop their Section 113 claim. Nonetheless, even if they had not done so, they would be unable to prevail because the explicit terms of the Consent Decree provided Flex with "the full extent of protection from contribution actions or claims as provided by CERCLA." (ECF No. 50 at ¶ 15.)

### 2. Timeliness

The motion to amend is also denied because it is untimely. The Crescent Defendants filed their crossclaims on June 8, 2018. (ECF Nos. 32, 33.) On April 24, 2019, Magistrate Judge Anne Y. Shields adopted the parties' joint proposed scheduling order, (ECF No. 46-1), which set a deadline to move to join new parties or amend the pleadings by May 23, 2019. Now that this deadline has passed, the Crescent Defendants must establish good cause to amend under Rule 16. To establish good cause, they "must show that the deadline [could] not be reasonably met despite [their] diligence." Fahmy v. Duane Reade, Inc., No. 4-CV-1798, 2005 WL 2338711, at *3 (S.D.N.Y. Sept. 26, 2005).

The Crescent Defendants have not even attempted to make such a showing. According to the affidavit attached to their motion, the Crescent Defendants seek to recover costs from a time

7

period covering May 24, 2006 until September 30, 2010.  (ECF No. 74 at 14-15.)  These costs were incurred nearly nine years before the deadline to amend the pleadings.

The only conceivable basis to support a finding of good cause—which the Crescent Defendants do not even raise explicitly—is the Crescent Defendants' theory that they were only permitted to bring a Section 107 claim once Flex entered the Consent Decree.  However, even if that theory were correct, the Crescent Defendants cannot show good cause to excuse why they waited several months after the July 18, 2019 Consent Decree to seek permission to amend.  They first sought leave on October 8, 2019—only in response to Flex's pre-motion letter seeking permission to move to dismiss the crossclaims under Section 113.  (ECF No. 60 at 2.)  The Crescent Defendants have presented the Court with no basis to find "good cause" to excuse their untimely request.  Accordingly, the Crescent Defendants' motion is also denied because it is untimely.[1]

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** the motion to amend the crossclaims. (ECF No. 74.)  In addition, the Clerk of Court is respectfully directed to terminate the pending motion to dismiss, (ECF No. 73-1).

**SO ORDERED.**

Dated: November 30, 2020
       Central Islip, New York

                                                           /s/ (JMA)
                                                           JOAN M. AZRACK
                                                           UNITED STATES DISTRICT JUDGE

---

[1] The Crescent Defendants never assert that this Court's decision in <u>101 Frost St. Assocs.</u> was erroneous and, in fact, insist that they could not have brought a Section 107 claim until Flex entered into the Consent Decree.  The Court notes that even if <u>101 Frost St. Assocs.</u> were incorrect, then the Crescent Defendants' motion to amend would still be denied.  If the Crescent Defendants had been able to allege a Section 107 claim from the outset of this case, then they would clearly be unable to establish good cause for failing to amend their pleading to raise a Section 107 claim prior to the May 23, 2019 deadline.