

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMESDIVISION OF SOCIAL JUSTICE
ATTORNEY GENERALENVIRONMENTAL PROTECTION BUREAU

January 18, 2022

**BY ECF**
Honorable Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

Re:*State of New York v. Crescent Group Realty Inc.*, No. 17-cv-06739

Dear Judge Shields:

This office represents plaintiffs (the State) in this action. I write under the Eastern District's Local Rule 37.3(d) to move for de novo reconsideration of the Court's January 4, 2022 order, issued after a telephonic conference, that allows defendant Kenneth Auerbach to depose Alali Tamuno. Ms. Tamuno serves as in-house counsel in this matter for plaintiff New York State Department of Environmental Conservation (DEC). Depositions of opposing counsel are disfavored and Mr. Auerbach has failed to demonstrate that Ms. Tamuno's testimony is needed or even relevant.

**Background**

The State claims in this action that Crescent Group Realty Inc. and its principals, Mr. Auerbach, Dominick Mavellia, and Eugene Smith (together, the Crescent Defendants), are liable for the State's costs in connection with contamination of a former industrial site in Copiague, New York (the Site) under CERCLA, 42 U.S.C. § 9607(a)(1), because: (1) Crescent Group owns the Site; (2) Crescent Group, Auerbach, and Mavellia operate the Site in that they have directed, managed, and controlled the affairs of the Site, in particular with respect to the leakage of hazardous waste and decisions about environmental compliance; and (3) Crescent Group's corporate veil should be pierced because Auerbach, Mavellia, and Smith improperly used the corporation to shield themselves from liability for the Site. Second Amended Complaint, ECF No. 85 (SAC) ¶¶ 134–38.

The Crescent Defendants allege that the releases at issue were caused by a third-party; that they did not release hazardous substances at the Site; and that the

State's costs should be reduced by a percentage equal to the culpability of the settling defendant.  Answer to Amended Complaint, ECF No. 32 (Answer) at pp. 15–16.  They have also raised several boilerplate affirmative defenses.  *Id.* at 14–15.[1]

Ms. Tamuno is a Senior Attorney with DEC and has been assigned to the Site since 2013.  As legal counsel, she represented DEC in unsuccessful efforts between 2013 and 2017 to negotiate an agreement pursuant to which the Crescent Defendants would perform or pay for the Site cleanup.[2]  After DEC referred the matter to my office for cost recovery litigation, Ms. Tamuno has served as DEC's assigned in-house counsel on the case and has been closely involved in developing allegations, legal theories, and strategies in this matter.

### Ms. Tamuno's Deposition

Defendant Auerbach, who is an attorney and currently represents himself *pro se*, seeks to depose Ms. Tamuno and three DEC technical staff members assigned to the Site.  The State has agreed to produce the three technical staff witnesses—the former and current project managers for the Site and their supervisor—but, over the course of a year, has made repeated requests for a description of the specific nonprivileged testimony that would be sought from Ms. Tamuno.  Because Mr. Auerbach has responded only with general reference to her "involvement" with "issues" concerning the Crescent Defendants, the State has not agreed to produce Ms. Tamuno.  On January 4, 2022, the parties discussed this dispute with your Honor's chambers.  The Court ruled on the phone that Ms. Tamuno's deposition could proceed and followed with an order stating the same.  *See* Scheduling Order dated Jan. 4, 2022.

### Defendant Auerbach Has Failed to Demonstrate that the Information He Seeks in Ms. Tamuno's Deposition Is Relevant and Necessary, and Cannot Be Obtained Through Other Sources.

In the Second Circuit, "depositions of opposing counsel are disfavored." *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir.1991).  In determining whether to allow the deposition of an attorney, courts in this Circuit consider "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery

---

[1] The Crescent Defendants moved to dismiss in lieu of answering the Second Amended Complaint, ECF Nos. 95, 96, so these are the affirmative defenses asserted in their answer to the Amended Complaint.

[2] In 2006, Crescent Group entered a "Brownfields Cleanup Agreement" with DEC to clean up the Site, but after Crescent's repeated inaction, DEC terminated the agreement in 2010 and proceeded to remediate the Site with State funds under New York State's Inactive Hazardous Waste Disposal Site remedial program.  SAC ¶¶ 89–92, 108–21.  Ms. Tamuno did not represent DEC in the negotiation, implementation, or termination of that agreement.

already conducted." *In re Friedman*, 350 F.3d 65, 72 (2d Cir. 2003).  Based on these factors, the Court should not permit Mr. Auerbach to take Ms. Tamuno's deposition.

Under the first *Friedman* factor, Mr. Auerbach has not demonstrated any need to depose Ms. Tamuno.  In assessing whether an attorney's deposition testimony is needed, courts have considered whether the testimony is relevant to any claims or defenses. *See Yash Raj Films (USA) v. Kumar*, No. 05-cv-3811, 2007 U.S. Dist. LEXIS 79344, at *15–16 (E.D.N.Y. Oct. 25, 2007); *see also* Fed. R. Civ. P. 26(b)(1) (discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense").  Mr. Auerbach has offered no reason why Ms. Tamuno's testimony is relevant, nor is her testimony relevant.  Prior to this litigation, Ms. Tamuno's primary role with respect to the Crescent Defendants was to represent DEC in attempts from 2013–2017 to negotiate settlements that were never reached and are not at issue in this action.  The State's claim that the Crescent Defendants are liable for the State's costs under CERCLA because they owned and operated the Site and used Crescent Group to shield themselves from liability is not predicated on these settlement negotiations, *see* SAC ¶¶ 124–40, nor do the Crescent Defendants' affirmative defenses concern the negotiations, *see* Answer, pp. 14–16.  Indeed, these failed negotiations are nowhere alleged in the Second Amended Complaint or Answer. *See* SAC, Answer.  Auerbach's broad assertions that Ms. Tamuno interacted with the Crescent Defendants is insufficient to demonstrate her testimony's relevance to any material, disputed issue in this case.

Moreover, given Ms. Tamuno's role as legal counsel, Mr. Auerbach must demonstrate the "need to depose *the lawyer*." *See Friedman*, 350 F.3d at 72 (emphasis added).  In the three depositions of DEC technical personnel that the parties have agreed on, Mr. Auerbach will have an opportunity to seek testimony concerning DEC's substantive knowledge of conditions at the Site directly from project management staff.  There is no need to question Ms. Tamuno, who served as counsel and acted simply as an intermediary between the Crescent Defendants and DEC staff (and only beginning in or about 2013).  Where a party has made no specific showing that it cannot obtain information it needs from sources besides an attorney, courts have rejected depositions. *See, e.g.*, *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 425–26 (E.D.N.Y. 2007) (deposition of opposing counsel not permitted where information sought was available from other sources) (collecting cases); *KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C.*, No. 19-cv-2918, 2020 U.S. Dist. LEXIS 73465, at *10–15 (S.D.N.Y. Apr. 12, 2020) (same).  This Court should likewise reject Mr. Auerbach's attempt to depose Ms. Tamuno.

Although "[t]he absence of a demonstrated need to conduct the deposition of an attorney can outweigh even a strong showing of the other factors," *Ingenito v. Riri USA, Inc.*, No. 11-cv-2569, 2015 U.S. Dist. LEXIS 171728, at *28 (E.D.N.Y. Dec. 22, 2015), the other *Friedman* factors also weigh strongly against Ms. Tamuno's deposition. Considering the second and third factors, Ms. Tamuno's "role in connection with the matter on which discovery is sought and in relation to the

pending litigation" creates a particularly high "risk of encountering privilege and work-product issues." *See Friedman*, 350 F.3d at 72.  Given that Ms. Tamuno has served as counsel to DEC in connection with the Site and as in-house counsel in this litigation, much of her knowledge and interactions are either privileged or work-product, and her deposition would create a high risk of inadvertent disclosure and repeated privilege disputes.

Finally, under the fourth *Friedman* factor, the "extent of discovery already conducted" in this case, *see id.*, shows that Mr. Auerbach has failed to exhaust reasonable alternatives before seeking Ms. Tamuno's testimony.  The State has already made extensive document productions and, as noted, Mr. Auerbach will be able to depose the DEC staff members responsible for the Site.  Mr. Auerbach could also use interrogatories or requests for admission to elicit desired information or at least to focus remaining inquiry, but he has not done so.

## Conclusion

Mr. Auerbach has not shown any relevance or need for a deposition of Ms. Tamuno, nor provided any explanation why he cannot get the information from another source.  The Court should therefore reverse its January 4, 2022 order that allows the deposition.  We thank the Court for its attention in this matter.

Respectfully submitted,

*/s/ Channing Wistar-Jones*

Assistant Attorney General

New York State Office of the Attorney General
Environmental Protection Bureau
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8082

cc:   All counsel (by ECF)

4