

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE  
ENVIRONMENTAL PROTECTION BUREAU

**BY ECF**  
Honorable Joan M. Azrack  
Eastern District of New York  
100 Federal Plaza, Courtroom 920  
Central Islip, New York 11722

March 8, 2022

      Re:    <u>State of New York v. Crescent Group Realty Inc.</u>, No. 17-cv-06739

Dear Judge Azrack:

      My office represents plaintiffs (the State) in this action, and I write pursuant to the Court's Rule IV(F) and Rule 72 of the Federal Rules of Civil Procedure to appeal Magistrate Judge Shields' February 22, 2022 order (the Order) allowing *pro se* defendant Kenneth Auerbach to depose Alali Tamuno, who is in-house counsel for plaintiff New York State Department of Environmental Conservation (DEC). Tamuno's deposition should not proceed because Auerbach has failed to demonstrate that her testimony is necessary and relevant, as required to take an attorney's deposition.

**<u>Background</u>**

      The State has sued Crescent Group Realty Inc. and its principals, Auerbach, Dominick Mavellia, and Eugene Smith (together, the Crescent Defendants), under CERCLA, 42 U.S.C. § 9607(a)(1), for the State's costs in connection with the cleanup of hazardous substances at a former industrial site in Copiague (the Site). The State claims that those defendants are liable because Crescent Group owns the Site and Crescent Group, Auerbach, and Mavellia operate the Site, and that Crescent Group's corporate veil should be pierced. Second Amended Complaint, ECF No. 85 (SAC) ¶¶ 134–38. The Crescent Defendants allege that they did not cause the releases at issue and that the State's costs should be discounted; they also raise various boilerplate affirmative defenses. ECF No. 32 (Answer) at pp. 14–16.

      Tamuno, a Senior Attorney with DEC, was assigned to the Site in 2013 and represented DEC between 2013 and 2017 in unsuccessful efforts to negotiate a settlement agreement with the Crescent Defendants regarding cleanup of the Site. After the State commenced this action in 2017, Tamuno has been closely involved in developing allegations, legal theories, and strategies. *See, e.g.*, ECF No. 43 (appearance at a settlement conference).

Discovery commenced in 2018 and has included document productions and interrogatories by the parties and requests for admission and depositions by the State. Auerbach, who is an attorney, now seeks to depose Tamuno and three DEC technical staff. The State agreed to produce the three staff witnesses and requested a description of the specific, nonprivileged testimony Auerbach sought from Tamuno. Even after repeated requests, he responded with only general reference to her "involvement" with "issues" concerning the Crescent Defendants.

Accordingly, on January 4, 2022, Magistrate Shields' clerk held a telephone conference with the parties, after which the Court ruled that the deposition could proceed. *See* Scheduling Order dated Jan. 4, 2022. On January 18, the State sought reconsideration under Local Rule 37.3(d), which provides for *de novo* reconsideration of a discovery order issued after a telephonic conference. ECF No. 102. Auerbach opposed the State's motion but again did not describe the specific, nonprivileged testimony that he seeks from Tamuno. *See* ECF No. 103 at 3.[1]

On February 22, Magistrate Shields denied the State's motion, applying the Fed. R. Civ. P. 65 standard for motions for reconsideration instead of the *de novo* standard under Local Rule 37.3(d). The Order held that the State "failed to cite to an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *See* Order dated Feb. 22, 2022. Because the Order did not apply the Local Rule 37.3(d) *de novo* standard, it did not discuss whether Auerbach had demonstrated that Tamuno's testimony was necessary and relevant.

**Auerbach Has Failed to Demonstrate that Tamuno's Deposition Testimony Is Necessary and Relevant.**

"[D]epositions of opposing counsel are disfavored." *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991). Accordingly, when courts are determining whether to allow a deposition of counsel, they must consider "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *In re Friedman*, 350 F.3d 65, 72 (2d Cir. 2003).

In assessing "the need to depose the lawyer," courts have considered whether the testimony is relevant to any claims or defenses. *See Yash Raj Films (USA) v. Kumar*, No. 05-CV-3811, 2007 U.S. Dist. LEXIS 79344, at *15–16 (E.D.N.Y. Oct. 25, 2007); *see also* Fed. R. Civ. P. 26(b)(1) (discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense"). Auerbach has offered no

---

[1] In opposing the State's motion, Auerbach incorrectly contended that "Ms. Tamuno was exhaustively involved with Crescent's conversations and participation with the DEC and the Brownfields Program." *See id.* DEC and Crescent had been parties to a "Brownfields Cleanup Agreement" that DEC terminated in 2010 based on Crescent's repeated inaction, before Tamuno was assigned to the case. SAC ¶¶ 89–92, 108–21.

2

reason why Tamuno's testimony is relevant—nor can he. Prior to this litigation, Tamuno's primary role was to represent DEC in settlement negotiations that are not at issue here. Neither the State's claims nor the Crescent Defendants' affirmative defenses are predicated on these negotiations. *See* SAC ¶¶ 124–40; Answer, pp. 14–16. The State does not intend to call Tamuno to prove any aspect of its case. Auerbach's broad assertion that Tamuno interacted with the Crescent Defendants is insufficient to demonstrate her testimony's relevance to any material, disputed issue, including his defenses.

Moreover, Auerbach will have an opportunity to seek testimony concerning Site conditions and cleanup from the three technical staff who will be deposed. There is no need to question Tamuno, who relies on technical staff for factual information about the Site. *See Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 425–26 (E.D.N.Y. 2007) (deposition of opposing counsel not permitted where information sought was available from other sources) (collecting cases). Indeed, her knowledge of the Site conditions and cleanup is necessarily indirect and thus hearsay.

Although "[t]he absence of a demonstrated need to conduct the deposition of an attorney can outweigh even a strong showing of the other factors," *Ingenito v. Riri USA, Inc.*, No. 11-CV-2569, 2015 U.S. Dist. LEXIS 171728, at *28 (E.D.N.Y. Dec. 22, 2015), the other *Friedman* factors also weigh strongly against Tamuno's deposition. Under the second and third factors, Tamuno's "role in connection with the matter on which discovery is sought and in relation to the pending litigation" creates a high "risk of encountering privilege and work-product issues." *See Friedman*, 350 F.3d at 72. Tamuno's communications with DEC technical staff prior to this lawsuit are protected by attorney-client privilege and her communications with technical staff and attorneys in the Attorney General's office about this litigation are protected by that privilege and as work-product. As for the fourth factor, the "extent of discovery already conducted" in this case, Auerbach has failed to exhaust other means of discovering whatever information he seeks from Tamuno, including seeking that information through interrogatories or requests for admission or by first taking the depositions of project management staff.

## Conclusion

The Court should reverse the February 22 Order allowing Auerbach to take Tamuno's deposition because Auerbach has not shown the relevance of or need for the deposition. In the alternative, the deposition should be limited to Tamuno's communications with the Crescent Defendants from the time she was assigned to the Site until commencement of this litigation (2013–2017), which is the extent of her first-hand and nonprivileged information, even though that information is not relevant to any claims or defenses in this action.

We thank the Court for its attention in this matter.

        Respectfully submitted,

        */s/ Channing Wistar-Jones*

        Assistant Attorney General

        New York State Office of the Attorney General
        Environmental Protection Bureau
        28 Liberty Street, 19th Floor
        New York, NY 10005
        (212) 416-8082

cc:    All counsel (by ECF)