

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | DIVISION OF SOCIAL JUSTICE<br>ENVIRONMENTAL PROTECTION BUREAU |

**BY ECF**  April 7, 2023
Honorable Joan M. Azrack
Eastern District of New York
100 Federal Plaza, Courtroom 920
Central Islip, New York 11722

   Re: *State of New York v. Crescent Group Realty Inc.*, No. 17-cv-06739

Dear Judge Azrack:

  My office represents plaintiffs (the "State") in this action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq*. Pursuant to Rule IV.B of Your Honor's Individual Rules, the State requests a pre-motion conference on a motion for summary judgment on all claims against defendants Crescent Group Realty Inc. ("Crescent Group"), Kenneth Auerbach, Dominick Mavellia, and Eugene Smith (together with Crescent Group, the "Crescent defendants").

## BACKGROUND

  CERCLA imposes liability on responsible parties for costs the State incurs to respond to the release of hazardous substances at a facility, provided the State's response actions are not inconsistent with EPA's "national contingency plan" ("NCP"). 42 U.S.C. § 9607(a). Here, the State seeks to recover past and future costs it incurred to investigate and clean up the release of volatile organic compounds ("VOCs") at the Crescent defendants' property (the "Site") in Copiague, New York.

## DISCUSSION

  The State's motion for summary judgment will seek: (a) a declaration that each of the Crescent defendants is jointly and severally liable for the State's past and future costs in responding to the release of VOCs and other hazardous substances at the Site; and (b) an award of the State's unreimbursed response costs to date. The State will show there is no genuine dispute that, as required to establish liability under CERCLA, 42 U.S.C. § 9607(a): (a) the Site is a facility; (b) at which hazardous substances were released; (c) the State has incurred response costs and is entitled to the presumption that its response actions are not

inconsistent with the NCP; (d) Crescent Group, Mavellia, and Auerbach are responsible parties under CERCLA; and (e) Crescent Group's corporate veil should be pierced and its liability extended to its principals Mavellia, Auerbach, and Smith.  *See Freeman v. Glaxo Wellcome, Inc.*, 189 F.3d 160, 163 (2d Cir. 1999); *New York v. Next Millennium Realty, LLC*, 160 F. Supp. 3d 485, 504–5 (E.D.N.Y. 2016); *Fannie Mae v. Olympia Mortg. Corp.*, 724 F. Supp. 2d 308, 318 (E.D.N.Y. 2010).

**The Site Is a Facility at Which Hazardous Substances Were Released.**  CERCLA defines a "facility" to include "any site" where a hazardous substance has "come to be located." 42 U.S.C. § 9601(9).  A "release" includes spilling, discharging, or disposing hazardous substances.  *Id.* § 9601(22).  Investigation by the New York State Department of Environmental Conservation ("DEC") found VOCs and other hazardous substances from former industrial activities had been released from a septic system at the Site into the soil and groundwater.  *E.g.*, Feasibility Study Rpt. §§ 3.1.4, 3.2 (NY-Crescent 002120–22); Record of Decision § 6.2 (NY-Crescent 002457–58).  Defendants' environmental consultant, Impact Environmental, and expert, Steven McGinn, reached the same conclusion.  *E.g.*, Impact Envtl. Site Assessment §§ 3.2, 11 (IMPACT-NY000054–55, 82–84) (VOCs detected at Site requiring further investigation); McGinn Rpt. at 1–2 (VOC contamination found at Site); McGinn Tr. 68:12–69:6 (former sanitary system was source of VOC contamination); *id.* 48:14–50:5 (does not dispute accuracy of Impact's site assessment or DEC's record of decision).

**The State Has Incurred Response Costs That Are Not Inconsistent with the National Contingency Plan.**  Under CERCLA, the State may recover "response" costs it incurred evaluating and remediating the release of hazardous substances as long as those costs are not inconsistent with the NCP.  42 U.S.C. § 9607(a).  The Court presumes that the State's costs are consistent with the NCP.  *See United States v. Alcan Aluminum Corp.*, 97 F. Supp. 2d 248, 272 (N.D.N.Y. 2000).  It is undisputed that the State has incurred over $800,000 investigating the contamination at the Site and removing an abandoned cesspool that was the source of much of the contamination and that the State continues to incur costs for monitoring and other expenses.

**Crescent Group Is Liable as the Owner of the Site.**  It is undisputed that Crescent Group has owned the Site since 2006 and is thus liable as an owner under 42 U.S.C. § 9607(a)(1).  Ans. SAC ¶ 8 (ECF Nos. 108, 109); McGinn Rpt. at 1.

**Crescent Group, Mavellia, and Auerbach Are Liable as Operators of the Site.**  Since taking ownership of the Site, Crescent Group and two of its principals, Mavellia and Auerbach, have "manage[d], direct[ed], or conduct[ed] operations specifically related to pollution, that is, operations having to do with the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations," making them liable as operators of the Site under 42 U.S.C. § 9607(a)(1).  *See United States v. Bestfoods*, 524 U.S. 51, 66–67 (1998) (defining "operator").  It is undisputed that Mavellia and Auerbach, on Crescent's

behalf: retained an environmental consultant who identified VOC contamination at the Site and recommended investigation of suspected abandoned cesspools, *e.g.*, Auerbach Tr. 47:14–48:24, 64:19–66:21, 74:18–75:3; Mavellia Tr. 91:17–92:3, 101:20–24; Impact Envtl. Site Assessment §§ 3.2, 11 (IMPACT-NY000054–55, 82–84); created Crescent Group to acquire the Site to redevelop it after they had cleaned it up in return for tax benefits under a "Brownfield Cleanup Agreement" with DEC, *e.g.*, Mavellia Tr. 103:22–104:10, 119:21–120:12; Auerbach Tr. 79:3–81:19, 119:12–23; submitted and received DEC approval for a work plan to further investigate contamination at the Site for cleanup, *e.g.*, Response to Plaintiffs' First Requests For Admissions ("Crescent RFAs") ¶¶ 15–16; and implemented some steps of the work plan, *e.g.*, Mavellia Tr. 126:8–129:13, but eventually decided not to complete the investigation and clean up the Site because they were unwilling to pay the cost, thereby breaching the agreement, *e.g.*, Crescent RFAs ¶¶ 17–23; Mavellia Tr. 104:22–105:17, 110:14–25.  DEC then terminated the Brownfield agreement and used State funds to complete the investigation and clean up the Site.

**Crescent Group's Corporate Veil Should Be Pierced and Its Liability Extended to Its Principals.**  To pierce the corporate veil under New York law, a plaintiff must show: "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F.2d 131, 139 (2d Cir. 1991).  Mavellia, Auerbach, and Smith are sole shareholders, officers, and members of the board of Crescent Group, and have exercised complete domination over Crescent Group and injured the State by leaving the company with insufficient funds to pay the State's costs.  The company lacks its own employees, office, and bank account.  *E.g.*, Crescent RFAs ¶¶ 4, 10–12.  All of the company' expenses have been paid by Mavellia and Auerbach from their personal accounts or those of their other corporate entities.  *E.g.*, *id.* ¶¶ 5–7.  The principals created Crescent Group to hold title to the Site, which they planned to clean up under the Brownfields Cleanup Program in exchange for tax benefits.  However, it is undisputed that the principals were never willing to capitalize Crescent Group with funds sufficient to fulfill its cleanup obligations under the Brownfield Cleanup Agreement—or even to pay more than a small portion of taxes due for the Site, resulting in the company now owing over $1,000,000 in unpaid taxes.  *E.g.*, Mavellia Tr. 104:22–105:17, 110:14–25; Auerbach Tr. 153:13–154:11, 175:7–176:10.  DEC has therefore cleaned up the Site with State funds and Crescent Group does not have the assets to reimburse DEC.

For these reasons, the State requests a pre-motion conference on its motion for summary judgment, or a briefing schedule in lieu of a conference.

Respectfully submitted,

/s/ Channing Wistar-Jones

Assistant Attorney General
New York State Office of the Attorney General
28 Liberty Street, 19th Floor
New York, New York 10005
(212) 416-8082
channing.jones@ag.ny.gov

cc: All counsel (by ECF)